UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TYLER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON BARNES, Warden,<br><br>　　　　Respondent. | 1:12-cv–01129-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1)<br><br>ORDER DISMISSING AS MOOT PETITIONER'S MOTIONS FOR STAY AND ABEYANCE AND HIS REQUEST TO RESUME THE PROCEEDINGS (DOCS. 3, 9, 12)<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on July 26, 2012 (doc. 7). Pending before the Court is the petition; Petitioner's motions for a stay, which were filed on July 11, 2012, and August 2,

1

2012; and Petitioner's motion to resume the proceedings, filed on October 9, 2012.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no

2

tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    Petitioner alleges that he is an inmate of the High Desert State Prison (HDSP) at Susanville, California, serving a sentence of twenty-five years to life for convictions of second degree murder and assault causing serious harm sustained in the Superior Court of the State of California for the County of Kern.  (Pet., doc. 1, 1.)  Petitioner alleges the following claims in the petition:  1) the trial court's denial of Petitioner's Batson/Wheeler motion violated Petitioner's rights under the Sixth Amendment; 2) Petitioner's due process rights were violated by the trial court's denial of a motion to suppress evidence which was not accompanied by clear and appropriate factual findings on the record; 3) trial counsel's failure to move to dismiss the prosecution as a constitutionally barred re-prosecution after a mistrial constituted ineffective assistance of counsel; 4) trial counsel's failure to submit exculpatory evidence that negated guilt (and prompted the mistrial) constituted ineffective assistance of counsel; 5) trial counsel's failure to investigate prosecution witnesses before they testified constituted ineffective assistance of counsel; 6) trial counsel's failure to present witnesses whose testimony could show perjury on the part of a witness for the prosecution who had been at Petitioner's mother's home constituted ineffective assistance of counsel; and 7) trial counsel's failure to file a motion to dismiss the criminal charges or to seek a mistrial on the basis of the absence of evidence to support the charges constituted ineffective assistance of counsel; and 8) appellate counsel's

3

failure to present issues of trial counsel's ineffectiveness constituted ineffective assistance of counsel. (Id. at 4-8.)

The Court notes that pursuant to the Court's earlier order, on August 9, 2012, Petitioner submitted a signed declaration to cure the absence of a signature and verification in the original petition.

## II. State Law Claims

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. at 16; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). In a habeas proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

As to some of Petitioner's claims, the legal basis is unclear. This Court will construe a petition from a pro se petitioner liberally and with deference. Maleng v. Cook, 490 U.S. 488, 493 (1989); Belgarde v. State of Montana, 123 F.3d

4

1210, 1213 (9th Cir. 1997). However, generalized references to concepts such as due process, double jeopardy, fundamentally fair trial, bias, prejudice, etc., as well as similarly generalized references to a constitution or unconstitutionality are insufficient to set forth a federal legal basis for a claim because such terms are also descriptive of state law grounds.

Here, it is unclear whether Petitioner's second claim, which refers to "due process rights" (doc. 1 at 4), is based on the state or federal constitution. It is also uncertain whether Petitioner's third through eighth claims, which refer to the ineffective assistance of trial and appellate counsel, are intended to refer to the right to counsel guaranteed by the Federal Constitution as distinct from the state constitution.

As the claims now stand, it is not clear that Petitioner is invoking federal law, as distinct from state law, as the legal basis for the claims. However, it is possible that Petitioner could allege federal claims if given the opportunity file a first amended petition.

Accordingly, these claims will be dismissed with leave to file a first amended petition. If Petitioner intends to state federal law claims, Petitioner should augment his statement of the claims in the first amended petition with a reference to a specific provision of the Federal Constitution or a specific federal statute or treaty.

   III.   Exhaustion of State Court Remedies and Petitioner's
          Motions Regarding a Stay and Abeyance of the Petition

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus

must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis for the claim.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971),

> we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

1     Where none of a petitioner's claims has been presented to
2 the highest state court as required by the exhaustion doctrine,
3 the Court must dismiss the petition. Raspberry v. Garcia, 448
4 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,
5 481 (9th Cir. 2001). The authority of a court to hold a mixed
6 petition in abeyance pending exhaustion of the unexhausted claims
7 has not been extended to petitions that contain no exhausted
8 claims. Raspberry, 448 F.3d at 1154.

9     Here, Petitioner indicated that he had presented his first
10 claim concerning the Batson motion to the California Supreme
11 Court in a petition for review, which was denied. (Doc. 1, 2.)
12 However, Petitioner stated that the remainder of his claims were
13 raised in petitions for habeas corpus filed in the trial court
14 and the Court of Appeal of the State of California, Fifth
15 Appellate District. Petitioner admitted that he had filed a
16 petition in the California Supreme Court and that it was pending,
17 but he did not indicate that the court had ruled upon it. (Id.
18 at 2-3.)

19     Likewise, in his motions for stay and abeyance of the
20 petition, Petitioner stated that his habeas petition was pending
21 in the state's highest court, and he requested a stay until the
22 California Supreme Court issued a judgment. (Doc. 3, 1.) Thus,
23 Petitioner's original petition constitutes a "mixed" petition
24 containing both exhausted and unexhausted claims.

25     However, in a request filed on October 9, 2012, Petitioner
26 requested that the habeas proceedings resume because the
27 California Supreme Court rendered a decision on Petitioner's
28 habeas petition on September 26, 2012.

In view of the fact that the present petition will be dismissed with leave to file a first amended petition, and considering Petitioner's request for the proceedings to resume, Petitioner's motions for a stay of the present petition and his request to resume the proceedings are moot and thus will be dismissed.

Petitioner is INFORMED that he will have an opportunity to allege exhaustion of state court remedies in the first amended petition.

### IV.   Leave to File a First Amended Petition

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action. Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

///

///

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition in compliance with this order; and

3) Petitioner's motions for a stay of the proceedings and for resumption of the proceedings are DISMISSED as moot; and

4) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:   November 6, 2012**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE