# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TYLER<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON BARNES, Warden,<br><br>　　　　Respondent. | Case No. 1:12-cv-01129-SKO   HC<br><br>ORDER DIRECTING RESPONDENT TO SUPPLEMENT LODGED RECORD |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Among other grounds, Petitioner contends that ineffective assistance of counsel violated his Sixth Amendment rights when his trial counsel failed to move for dismissal since retrial was barred following the grant of a mistrial to permit counsel to analyze new evidence. Respondent contends that since double jeopardy did not attach simply because defense counsel requested a mistrial to permit analysis of new evidence, the state courts did not err in deciding this claim against Petitioner.

"The Double Jeopardy Clause . . . does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." *Oregon v. Kennedy*, 456 U.S. 667, 671-72 (1982).  "If the law were otherwise, 'the purpose of the law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again.'"  *Id.* (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)).

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

1 Accordingly, "the circumstances under which a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful; motion for mistrial was intended to provoke the defendant into moving for a mistrial." *Kennedy*, 456 U.S. at 679.  Petitioner contends that trial counsel's mistrial motion was occasioned by the prosecution's deliberate late introduction of evidence in the course of the first trial.  Because the record lodged in this Court (Doc. 27) includes only the clerk's transcript reporting that the mistrial motion was granted, but not those portions of the transcript identifying the new evidence or the circumstances of its introduction in the course of the first trial, the Court is unable to evaluate whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

Accordingly, the Court hereby DIRECTS the Respondent to supplement the state record in the above-captioned matter, lodged in paper on May 15, 2013, with the sufficient portions of the transcript of trial (December 18, 2008) to permit the Court to determine whether the prosecution's introduction of new evidence in the course of Petitioner's first trial was intended to provoke the defendant into moving for a mistrial or was otherwise attributable to State misconduct.  Respondent shall file the supplemental portions of the transcript within thirty days of this order.  This order requires no action by Petitioner.

IT IS SO ORDERED.

Dated:   **August 17, 2015**                             /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE